JS 44 (Rev. 12/07) (CAND Rev 1/10) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

JESSICA NOLAN 3656MEJ

**DEFENDANTS**

DIVERSIFIED COLLECTION SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff Franklin Co., OH
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ALAMEDA CO, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lara Shapiro, Esq.
4145 Via Marina #324
Marina del Rey, CA 90292
(310) 577-0870

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | or Defendant) | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access to Justice |
| | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692

Brief description of cause:
Violations of the Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)**

☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE  ☐ EUREKA

DATE
July 22, 2011

SIGNATURE OF ATTORNEY OF RECORD
Lara Shapiro /wp

1  LARA R. SHAPIRO (State Bar No. 227194)
2  4145 Via Marina # 324
   Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
4  Facsimile: (424) 228-5351
   Shapiro.lara@gmail.com
5
6  Attorney for Plaintiff,
   Jessica Nolan
7

8
9                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
10                     OAKLAND DIVISION

11  Jessica Nolan,                        Case No.: CV 11 3656

12
                                          **COMPLAINT FOR DAMAGES**
13           Plaintiff,                   **1. VIOLATION OF FAIR DEBT**
                                          **COLLECTION PRACTICES ACT,**
14       vs.                              **15 U.S.C. § 1692 ET. SEQ;**
15
    Diversified Collection Services, Inc.; and
16  DOES 1-10, inclusive,                 **JURY TRIAL DEMANDED**

17           Defendants.

18

19

20          **COMPLAINT AND DEMAND FOR JURY TRIAL**

21
22        JESSICA NOLAN, ("Plaintiff"), through the undersigned counsel, LARA

23  SHAPIRO, alleges the following against DIVERSIFIED COLLECTION

24  SERVCES, INC., ("Defendant"):
25

26

27

28

                                          COMPLAINT FOR DAMAGES

1

## INTRODUCTION

2

3          1.      This is an action for actual and statutory damages brought by Plaintiff,

4    Jessica Nolan, an individual consumer, against Defendant, Diversified Collection

5    Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

6
7    1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from

8    engaging in abusive, deceptive, and unfair practices.

9                                    ## JURISDICTION

10

11         2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28

12   U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

13   2202. Venue in this District is proper in that the Defendant transacts business here.

14
15                                      ## PARTIES

16         3.      Plaintiff, Jessica Nolan, is a natural person with a permanent residence

17   in Columbus, Franklin County, Ohio 43229.

18
19         4.      Upon information and belief the Defendant, Defendant, Diversified

20   Collection Services, Inc.,  is a corporation engaged in the business of collecting

21   debt in this state and in several other states, with its principal place of business

22
23   located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County,

24   California 94551. The principal purpose of Defendant is the collection of debts in

25   this state and several other states, and Defendant regularly attempts to collect debts

26
27   alleged to be due another.

28

COMPLAINT FOR DAMAGES

1   5.   Defendant is engaged in the collection of debts from consumers using

2
3   the mail and telephone.  Defendant regularly attempts to collect consumer debts

4   alleged to be due to another. Defendant is a ''debt collector'' as defined by the

5   FDCPA, 15 U.S.C. § 1692a(6).

6
7                    FACTUAL ALLEGATIONS

8   6.   The debt Defendant is attempting to collect on is an alleged obligation

9
10  of a consumer to pay money arising out of a transaction in which the money,

11  property, insurance or services which are the subject of the transaction are

12  primarily for personal, family, or household purposes, whether or not such

13  obligation has been reduced to judgment.

14
15  7.   On December 22, 2010, Defendant, by its collection agent who

16  identified himself as 'Ian' and Plaintiff entered into a payment arrangement with

17  the first payment due on December 30th.

18
19  8.   On December 23, 2010, Defendant, by a different collection agent

20  stated to Plaintiff, "I see you made an agreement with Ian. We are not accepting it,

21  so what's going on, are you going to pay!?!"

22
23  9.   Within one (1) year preceding the date of this Complaint, Defendant,

24  in connection with the collection of the alleged debt, stated to Plaintiff, "Suffer the

25  consequences, have a nice day." And then hung up on Plaintiff.

26
27
28

COMPLAINT FOR DAMAGES

1    10.    Within one (1) year preceding the date of this Complaint, Defendant,

2
3    in connection with the collection of the alleged debt, refused to authorize Plaintiff

4    recording the phone call by stating to Plaintiff, "No, I don't authorize that and

5    that's not going to pay your debt."

6
7    11.    Within one (1) year preceding the date of this Complaint, when

8    Plaintiff requested to speak to the collection agent's supervisor, Defendant, in

9    connection with the collection of the alleged debt, stated to Plaintiff, "NO!, I am

10
11    not getting a supervisor so deal with the consequences."

12    12.    Within one (1) year preceding the date of this Complaint, Defendant,

13    in connection with the collection of the alleged debt, threatened to garnish

14
15    Plaintiff's wages.

16    13.    Defendant has no standing to commence garnishment proceedings on

17    behalf of the creditor.

18
19    14.    Defendant is a debt collection company and as a debt collection

20    company attempting to collection a federal loan, Defendant can only refer the

21    matter back to the creditor with a recommendation that they send notice of

22
23    garnishment.

24    15.    The representations made to Plaintiff by Defendant regarding

25    garnishment were false.

26
27
28

COMPLAINT FOR DAMAGES

16.   The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

17.   The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

18.   The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

## PRAYER FOR RELIEF

19.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20.   Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

COMPLAINT FOR DAMAGES

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

21.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

22.    As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Jessica Nolan, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A.    Declaratory judgment that Defendant's conduct violated the FDCPA.

B.    Actual damages.

C.    Statutory damages pursuant to 15 U.S.C. § 1692k.

COMPLAINT FOR DAMAGES

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JESSICA NOLAN, demands trial by jury in this action.

_Lara R. Shapiro/мр_

LARA R. SHAPIRO
State Bar No. 227194
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone:  (310) 577-0870
Facsimile:  (424) 228-5351
Shapiro.lara@gmail.com

_Attorney for Plaintiff_

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, N.E.
Suite 300
Atlanta, GA  30345
(770) 414-1002, Ext. 1013
alex@fdcpalawyeronline.com

COMPLAINT FOR DAMAGES